UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ISSAC DENSON,
    Plaintiff,

vs.                                    02-1404

MAGGIE BRIAN, et al.,
    Defendants.

ORDER

This cause is before the court on the plaintiff's motion to proceed in forma pauperis on appeal. [d/e 78]

Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See* Cruz v. Hauck, 404 U.S. 59, 62 (1971); *see also* Coppedge v. United States, 369 U.S. 438, 445 (1962).

The plaintiff's lawsuit was dismissed for failure to state a claim upon which relief could be granted. *See* September 21, 2004 Court Order. The court informed the plaintiff on May 23, 2005 that it was unable to find a good faith basis for appeal and ordered the plaintiff to submit a briefing stating his grounds for appeal. The plaintiff has complied.

The plaintiff still maintains that the court should not have dismissed his Eighth Amendment and official capacity claims, but he has not stated a basis for appeal. While the plaintiff may have a medical malpractice claim in state court for the doctor's failure to correctly diagnosis his dislocated finger, he has not articulated a violation of his constitutional rights.

Since the court has not been able to find any substantial issue meriting relief from judgement, and the plaintiff has failed to proffer any reason for the court to doubt this determination, the court cannot find a good faith basis for appeal. Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $255 within 14 days. *See* Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997). If the Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30

days after service of this order.  *See* Fed.R.App.P. 24(a).

     IT IS THEREFORE ORDERED that plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 78].   Plaintiff is ordered to remit to the Clerk of the Court the $255 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.   The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.   <u>The clerk is directed to  submit a copy of this order to the United States Court of Appeals for the Seventh Circuit</u>

     Enter this 19th August, 2005.


     **s\Harold A. Baker**
_____
     HAROLD A. BAKER
     UNITED STATES DISTRICT JUDGE