UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ISSAC DENSON,
    Plaintiff,

v.  02-1404

MAGGIE BRIAN, et al.,
    Defendants.

## CASE MANAGEMENT ORDER

This cause is before the court for consideration of the plaintiff's motion for default judgement against Defendant Nurse Linda Cusick [d/e 104] and defendants' motion to file a motion in opposition to plaintiff's motion instanter. [d/e 106]. The defendants motion is granted. The court will consider the arguments from both plaintiff and defendants. The court notes that judgement was entered for the defendants on September 21, 2004. [d/e 64]

The plaintiff originally filed his complaint on November 4, 2002. Defendant Cusick was not named in the original complaint. The plaintiff filed an Amended Complaint on December 29, 2003. A summons was issued for all defendants including Cusick. Defendant Gonzales filed a motion to dismiss on February 27, 2004.

Defendant Cusick says she was called over to the Illinois Department of Corrections Litigation Coordinator's Office on or about March 22, 2004. She was advised of the lawsuit and told to sign the waiver or service. The litigation coordinator told Cusick that she would provide copies to Cusick's employer, Health Professionals, L.T.D. (Herein HPL). Cusick believed that HPL would take care of her legal representation and was told she did not need to worry about anything else with the case. Cusick says she has never been sued before and was not familiar with the process. Cusick says she did not know that she was not represented and still in the case until she was notified by counsel.

A paralegal for HPL says they did not receive notice of the lawsuit from the Illinois Department of Corrections. However, they do now have legal representation for Defendant Cusick.

While Cusick was served on March 22, 2004, the proof of service was not filed with the court until May 25, 2004. The case was dismissed on September 21, 2004. The court found that the plaintiff had failed to state a claim against any of the defendants that they were deliberately indifferent to his serious medical condition. The plaintiff has alleged that he dislocated his finger and was not treated properly by medical staff.

The only allegation made against Nurse Cusick is that she initially saw the plaintiff and

did not believe he had dislocated his pinky finger.  She wrapped and immobilized his finger and sent him back to his cell.  The next day the plaintiff was examined by a doctor.   This is the only alleged contact with Defendant Cusick.

The error with Nurse Cusick did not come to the court's attention prior to the dismissal of this case.  The court notes that the plaintiff did not bring the error to the court's attention until he filed his motion for default judgement two years after the dismissal of this case.

The plaintiff's default motion is denied.  The entry of a default judgement is matter of discretion and is not favored over resolving a case on its merits. *See Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996)(trial judge did not abuse discretion by denying default judgment for failure to file answer to amended complaint).   In addition, the court notes that this is a civil action subject to the Prison Litigation Reform Act which provides that no relief shall be granted until the defendant has filed a reply. 42 U.S.C. §1997(e)(g)(1).   The court finds Defendant Cusick's failure to respond to the complaint was excusable neglect.  Lastly, the court notes that the plaintiff had not stated an Eighth Amendment claim against Defendant Cusick based on the treatment he received immediately after his injury and his referral to a doctor.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion to file a response instanter to the plaintiff's motion for default is granted. [d/e 106]**

**2) The plaintiff's motion for default judgement against Defendant Linda Cusick is denied. [d/e 104].**

Entered this  22nd   day of March, 2007.


s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE